```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRANDON DAVIS,

                 Petitioner,
                                           MEMORANDUM AND ORDER
       -against-                           19-CV-5191(JS)

JAMIE LAMANNA,

                 Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    Justin Bonus, Esq.
                   118-35 Queens Boulevard, Suite 400
                   Forest Hills, New York 11375

For Respondent:    Rosalind Gray, Esq.
                   Suffolk County District Attorney's Office
                   200 Center Drive
                   Riverhead, New York 11901
```

SEYBERT, District Judge:

Pending before the Court is Petitioner Brandon Davis's ("Petitioner") motion to stay this habeas corpus proceeding to allow him to return to state court to exhaust the claims he raises in his Petition. (Pet., D.E. 1, at 4.) The Respondent does not object to Petitioner's request. (Resp't Aff., D.E. 6, at 1, 4-5.)[1]

---

[1] Petitioner was convicted of one count of Murder in the First Degree (New York Penal Law §125.27(1)(a)(vii)), two counts of Murder in the Second Degree (New York Penal Law §§125.25(1) and (3)), and one count of Assault in the First Degree (New York Penal Law §120.10(4)) following a jury trial in Suffolk County Supreme Court. Petitioner was sentenced to lifetime imprisonment without the possibility of parole, and Petitioner is currently incarcerated. (Resp't Aff., at 1-2.)

1

Petitioner brings his motion for a stay simultaneously with his mixed Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet. ¶ 15, at 4.) Where a petition is mixed, meaning that a petitioner is bringing both exhausted[2] and unexhausted claims, the Court has discretion to hold the petition in abeyance to allow the petitioner to exhaust the unexhausted claims, provided that the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005).

Here, Petitioner seeks to exhaust the following claims in state court: (1) that newly discovered evidence was disclosed to the him during the pendency of his appeal that would have changed the outcome of his criminal trial; (2) that the prosecution committed a Brady violation when it did not disclose over forty-five documents detailing witness statements that other men committed the offenses for which he was tried and convicted; (3) that defense counsel rendered ineffective assistance of counsel by failing to call several alibi witnesses; and (4) that defense counsel rendered ineffective assistance of counsel by failing to investigate prior to trial. (Pet. at 3.)

---

[2] Petitioner's first three claims (Point I, II and III) have been exhausted. (See Pet. ¶ 15, at 4.)

Within the Second Circuit, district courts have noted that "[t]he Supreme Court and the Second Circuit have yet to define what constitutes 'good cause' under Rhines." Henry v. Lee, No. 12-CV-5483, 2013 WL 1909415, at *6 (E.D.N.Y May 8, 2013). Courts in this circuit have looked to two standards. The first, established by the Supreme Court in Pace v. DiGuglielmo, states that a Petitioner's "reasonable confusion" about state law constitutes grounds for a stay. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813, 161 L. Ed. 2d 669 (2005). The second standard is more rigorous, finding that good cause "must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her." Ramdeo v. Phillips, No. 04-CV-1157, 2006 WL 297462, at *5-6 (E.D.N.Y. Feb. 8, 2006) (internal quotation marks and citations omitted).

In some cases, newly discovered evidence may serve as good cause for failure to exhaust a claim. Spurgeon v. Lee, No. 11-CV-0600, 2011 WL 1303315, at *2 (E.D.N.Y. Mar. 31, 2011); (but see Murray v. Cunningham, No. 19-CV-0767, 2019 WL 4279287, at *4 (E.D.N.Y. Sept. 10, 2019) (in contrast)).[3] Here, Petitioner states

---

[3] The Court notes that Petitioner's attorney has filed similar stay requests in both the Eastern and Southern Districts of New York, and two prior stay applications were denied. See Murray v. Cunningham, No. 19-CV-0767, 2019 WL 4279287 (E.D.N.Y. Sept. 10, 2019); see also Watson v. Superintendent of Five Points Corr. Facility, No. 18-CV-0835, 2019 WL 1508958 (S.D.N.Y. Apr. 5, 2019). However, in both Murray and Watson, the motions seeking a stay were opposed by respondents, which is not the case here.

3

that the newly discovered evidence was revealed during the pendency of his appeal, which, according to the Petition, appears to include forty-five documents detailing potentially exculpatory witness statements, and that he is finalizing his investigation with respect to his four unexhausted claims. (Pet., at 3-4.) Further, Respondent consents to the stay. (Resp't Aff., at 1, 4-5.) Under these circumstances, the Court will allow Petitioner to pursue his unexhausted claims in state court.

Accordingly, the Court GRANTS Petitioner's motion for a stay. The claims presented by Petitioner are held in abeyance. Respondent's time to respond to the Petition is similarly stayed.

Petitioner is warned that this stay is conditioned on Petitioner's initiating state court proceedings within a reasonable time, and, if Petitioner is denied relief in state court, Petitioner returns to this Court, it must be within a reasonable time. See Rhines, 544 U.S. at 277-78. As such, Petitioner must initiate proceedings in state court to exhaust the unexhausted claims within forty-five (45) days of the date of this Order. Upon termination of any state court proceedings, Petitioner must provide notice to this Court within thirty (30) days so that the stay may be lifted. Petitioner may be barred from reopening his federal habeas petition if he delays in initiating either proceeding.

The Clerk of the Court shall administratively CLOSE this case until either party moves to restore the matter.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __7__, 2019
       Central Islip, New York